UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN JOSEPH TATAR,

    Plaintiff,

v.

Case No. 16-13117
Honorable Linda V. Parker

UNITED STATES OF AMERICA,

    Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

On August 29, 2016, Plaintiff filed this lawsuit challenging the United States government's ability to levy income taxes against him. The matter presently is before the Court on Defendant's motion to dismiss. (ECF No. 5.) The Court has referred this matter for all pretrial matters to Magistrate Judge David R. Grand.

On July 7, 2017, Magistrate Judge Grand issued a Report and Recommendation (R&R) in which he recommends that this Court grant Defendant's motion. (ECF No. 13.) Judge Grand first concludes that the court lacks subject matter jurisdiction to issue the injunctive or declaratory relief Plaintiff seeks pursuant to the Anti-Injunction Act and Declaratory Judgment Act. (*Id*. at 6-10.) Next, Magistrate Judge Grand concludes that the court lacks subject matter jurisdiction to adjudicate Plaintiff's claims for a refund for any tax year besides 1996 due to Plaintiff's failure to comply with the jurisdictional requirements of a refund suit. (*Id*. at 10-12.) Finally, with respect to the 1996 tax year, Magistrate Judge Grand concludes that Plaintiff's claim lacks merit. (*Id*. at 13-15.)

1

At the conclusion of the R&R, Magistrate Judge Grand informs the parties that they must file any objections to the R&R within fourteen days. Plaintiff filed objections on July 21, 2017. (ECF No. 14.) Defendant filed a response to the objections on August 3, 2017. (ECF No. 15.)

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to review those issues independently. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The Court has made a *de novo* determination of those portions of the R&R to which Plaintiff objects and reaches the same conclusions as Magistrate Judge Grand for the reasons stated in his R&R. As Plaintiff mainly reasserts in his objections the arguments he previously made in response to Defendant's motion to dismiss, the Court finds it unnecessary to repeat Magistrate Judge Grand's explanations for why those arguments lack merit. With respect to Plaintiff's assertion (raised for the first time in his objections) that Defendant mistakenly assessed him tax on mortgage proceeds that were

2

not income, the Court lacks jurisdiction to consider grounds for a refund not stated with specificity in the claim for refund.  *McDonnell v. United States*, 180 F.3d 721, 722 (6th Cir. 1999) (citing *Salyersville Nat'l Bank v. United States*, 613 F.2d 650, 651 (6th Cir. 1980)).

For these reasons, the Court adopts Magistrate Judge Grand's recommendations in his July 7, 2017 R&R.

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss (ECF No. 5) is **GRANTED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 18, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 18, 2017, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager